# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2010

Charles R. Fulbruge III
Clerk

No. 08-11024
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO ALBERTO NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:08-CR-11-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pedro Alberto Nunez pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2. The district court imposed a 188-month sentence and a three-year term of supervised release.

Nunez argues that the sentencing disparity between defendants who possess actual methamphetamine and defendants who possess a substance

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

containing a detectable amount of methamphetamine is contrary to the intent of Congress and violates the Equal Protection Clause. We have rejected similar arguments, holding that the sentencing disparity created by the 10 to one ratio between actual methamphetamine and a substance containing methamphetamine is not irrational or arbitrary and, as a result, does not violate the Due Process Clause. *United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006). For similar reasons, Nunez's equal protection argument fails. *See Chapman v. United States*, 500 U.S. 453, 465 (1991).

Nunez also argues the district court erred in calculating the drug quantity attributable to him and in applying the two-level enhancement for importation of methamphetamine. The district court's findings, however, were plausible in light of the record as a whole. *See United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008). Thus, the district court did not clearly err in calculating the drug quantity and in applying the two-level enhancement. *See id.* Accordingly, the district court's judgment is AFFIRMED.